Ex parte Ray O. HERNANDEZ, Relator.

No. D-2005.

Supreme Court of Texas.

March 25, 1992.

Rehearing Overruled May 27, 1992.

Bradley C. Miles, San Angelo, for relator.

Brooks W. Conover, III, Dan Morales, Austin, for respondent.

PER CURIAM.

■ Ray O. Hernandez was held in contempt for violating a 1983 judgment enjoining him from practicing dentistry. By petition for writ of habeas corpus, Hernandez asserts that he has been jailed without issuance of a proper order of commitment. We conclude that the judgment of contempt against Hernandez cannot serve as an order of commitment because it contains no directive to the sheriff or other appropriate officer, and that without an order of commitment Hernandez is not validly confined. We therefore order Hernandez discharged.

■ It is well established that both a written judgment of contempt and a written order of commitment are required by due process to imprison a person for civil constructive contempt. *See Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980); *Ex parte Hardin*, 161 Tex. 567, 344 S.W.2d 152 (1961); *Ex parte Puckitt*, 159 Tex. 438, 322 S.W.2d 597 (1959); *Ex parte Smart*, 152 Tex. 229, 256 S.W.2d 398 (1953). A commitment order is the warrant, process or order by which a court directs a ministerial officer to take custody of a person. The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment. *Barnett*, 600 S.W.2d at 256; *Smart*, 152 Tex. 229, 256 S.W.2d at 398. Although the form of the order is not important, the substance is.

The trial court's written amended order of contempt found that Hernandez had vio-

lated a judgment dated May 3, 1983, held him in contempt of court for that violation, ordered as punishment his confinement in the county jail for a 180 days and payment of a $500 fine and costs of court, and described probation conditions that would apply after Hernandez served 60 days of his sentence. The contempt order does not direct the sheriff or other ministerial officer to take Hernandez into custody and detain him under the terms of the judgment, nor does it direct the clerk to issue a written attachment or order of commitment to the proper officer. Hernandez asserts in his verified petition that no order of commitment apart from the contempt judgment has ever issued, and the real party in interest, the State Board of Dental Examiners, does not assert otherwise in its response. *See Smart*, 256 S.W.2d at 398.

Accordingly, a majority of the Court grants the writ of habeas corpus, and orders Hernandez discharged. TEX.R.APP.P. 120, 170.