Ex parte Michael SELIGMAN.

No. 04–99–00822–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 22, 1999.

Gary F. Churak, Law Offices of Gary F. Churak, San Antonio, for Appellant.

Barbara C. Slavin, San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

### FACTUAL BACKGROUND

Michael Seligman and Jeanne Elizabeth Pivirotto divorced in 1996. The divorce decree ordered Seligman to pay $250 a month in child support and to provide health insurance coverage for the children. At the time of the divorce, he was serving a sentence which required him to live in a halfway house during the week and allowed him to return to his home on weekends. The couple and their three children continued to live under the same roof because she did not have the financial means to move out. Seligman's father testified that he has paid his son's rent for the last three years, and that this included providing necessities to his grandchildren while they lived with his son. Seligman admitted that he only made two payments to the Bexar County Child Support Registry in the last three years. Those payments were made only after hearings for enforcement were set. He also admitted that he had not provided insurance coverage.

Judge Mireles found him in contempt of court for failure to make payments in violation of a court order, ordered him to pay $3,750.00 in fees and $278.50 in costs, found him in arrears $7,000.00, that he had the ability to comply with the order, and that he should be confined in the county jail up to 90 days or until he pays these amounts, plus 12% interest.

### VOLUNTARY RELINQUISHMENT

■ Seligman asserts that he established his affirmative defense to non-payment of child support because after the divorce they never dissolved their family unit. They lived under the same roof with the children. He was employed and used his income to pay the living expenses of the children and his ex-wife. That evidence, however, was controverted by Pivirotto that they did not live as husband and wife, that she worked during this time and he controlled her income each month, that necessities were provided only when he paid the bills, and that they went without when he did not pay them, that he kept all bills and all money away from her, and that he only made two payments to the Child Support agency during that three years. She and the children moved to Florida in February, 1999.

Seligman argues that their situation was not contemplated by the legislature, and that the closest thing to it is in § 157.008 of the Family Code where the obligee voluntarily relinquishes the child to the obligor. TEX. FAM.CODE § 157.008 (Vernon 1996). Nothing in the record indicates anything close to relinquishment. He never provided insurance, he took over her paycheck, and controlled whether the money would be spent on the electric bill, the water bill, or not. Petitioner's first issue is overruled.

### COMMITMENT ORDER DELAY

■ Secondly, Seligman argues that the commitment order is void for failure to satisfy due process requirements because it was signed 5 days after he was orally committed to jail. Judge Mireles orally committed him on Oct. 8 and signed the judgment on Oct. 13, three business days later. The Oct. 13 order and judgment does order the commitment. Seligman argues that the sheriff did not have the authority to take him into custody until the court signed a warrant, order or similar document granting the authority to detain him. "In order to satisfy due process requirements, both a written judgment of contempt and a written commitment order are necessary to imprison a person for civil

**454**

constructive contempt of court." *Ex parte Amaya,* 748 S.W.2d 224, 224 (Tex.1988). The absence of a written commitment to enforce the contempt judgment presents an illegal restraint on an incarcerated person. *Ex parte Puckitt,* 159 Tex. 438, 322 S.W.2d 597, 597 (1959).

It is well established that both a written judgment of contempt and a written order of commitment are required by due process to imprison a person for civil constructive contempt. *See Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980); *Ex parte Hardin,* 161 Tex. 567, 344 S.W.2d 152 (1961); *Ex parte Puckitt,* 322 S.W.2d at 597; *Ex parte Smart,* 152 Tex. 229, 256 S.W.2d 398 (1953). A commitment order is the warrant, process or order by which a court directs a ministerial officer to take custody of a person. The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment. *Barnett,* 600 S.W.2d at 256; *Smart,* 152 Tex. 229, 256 S.W.2d at 398. Although the form of the order is not important, the substance is. *Ex parte Hernandez,* 827 S.W.2d 858, 858 (Tex.1992). The punishment for contempt in Judge Mireles's order clearly remanded Seligman to the custody of the sheriff and orders that he be taken to jail for 90 days or until he complies with the orders and judgment. In terms of ministerial direction, the order meets due process requirements.

The problem with the order is that it was not signed until October 13, five days after the hearing and date of apparent confinement. If Seligman was incarcerated on the 8th, there are cases that hold that a contemnor may be held a short, reasonable time while the commitment and judgment are being prepared. But five days, three business days, would not fall within the Supreme Court's definition of reasonableness. *See Amaya,* 748 S.W.2d at 224 (three-day delay to sign commitment is too long). On November 24, 1999, we requested that respondent and the real party in interest file a brief in response to this issue, but they have failed to do so. Under the circumstances, we must presume that the record correctly reflects that Seligman was taken into custody and held an unreasonably long period of time before the commitment order issued and should, therefore, be discharged. *See Ex parte Amaya,* 748 S.W.2d 224, 224 (Tex. 1988).

It is unnecessary to reach petitioner's third issue. The writ of habeas corpus is granted and the petitioner, Michael Seligman, is discharged from the custody of the Bexar County Sheriff.