6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00082-CV


______________________________





EX PARTE:



JAMES E. MORROW








 


Original Habeas Corpus Proceeding







 
 



Before Morriss, C.J., Grant and Ross, JJ.

Opinion by Chief Justice Morriss



O P I N I O N


 On June 11, 2002, James Morrow filed with this Court his petition for writ of habeas corpus
asking that we release him from the Gregg County Jail. At 11:07 a.m. on June 10, 2002, at the
conclusion of a hearing on an enforcement order, the trial court had orally found Mr. Morrow in
contempt and directed him to be jailed for ninety days. A written order of contempt was signed by
the trial judge and filed on the morning of June 12, 2002.

 This habeas proceeding arises out of the divorce of James Morrow and Justine Morrow. On
April 12, 2002, temporary orders were issued directing Mr. Morrow to pay child support of $508.00
per month, among other things. (1) 

 Justine Morrow filed a motion to enforce on May 30, 2002. She alleged that Mr. Morrow
had failed to pay child support in May and that he had failed in other respects to comply with the
temporary orders. (2) She asked that the court hold Mr. Morrow in contempt and order him jailed until
he purged himself by paying the child support, that all arrearages be reduced to a money judgment,
and that he be again ordered to pay the bills.

 The trial court did not provide relief as requested, but orally ordered Mr. Morrow jailed for
ninety days for contempt of court. That oral order found Mr. Morrow did not make the payments
previously ordered and "assess[ed] him punishment of 90 days in the Gregg County Jail. . . . That
sentence is on each of the individual counts of Contempt, and they will run concurrently." The written order lists various violations, but then holds Mr. Morrow in contempt only for
two of them: failing to pay the May and June child support. It also contains language ordering that
punishment "is assessed concurrently at confinement in the Gregg County Jail for a period of 90
days."

Standards for review

 An original habeas corpus proceeding is a collateral attack on a contempt order. Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). As such, the sole purpose of the
proceeding is to determine whether the contemnor was afforded due process of law or if the order
of  contempt  is  void.  See  Ex  parte  Gordon,  584  S.W.2d  686,  688  (Tex.  1979)  (orig.
proceeding); Ex parte Casillas, 25 S.W.3d 296, 298-99 (Tex. App.-San Antonio 2000, orig.
proceeding). A court will issue a writ of habeas corpus if the order underlying the contempt is void, 
Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding), or if the contempt order itself
is void. Gordon, 584 S.W.2d at 688. A contempt order is void if it is beyond the power of the court
to enter it, or if it deprives the relator of liberty without due process of law. Ex parte Friedman, 808
S.W.2d 166, 168 (Tex. App.-El Paso 1991, orig. proceeding).

 Due process is also violated if the written order is not entered within a short and reasonable
time. Ex parte Amaya, 748 S.W.2d 224 (Tex. 1988).

 At the time this petition was filed, there was no written order of contempt or commitment. 
The certificate of custody indicates the sheriff took Mr. Morrow into custody pursuant to an oral
order issued from the bench on June 10, 2002, holding him in contempt and ordering him taken into
custody. At 9:30 a.m. on June 12, we received by facsimile a file-marked copy of an order of
contempt that had just been filed with the district clerk. (3)

 A trial court may cause a contemnor to be detained by the sheriff for a short and reasonable
time while the judgment of contempt and order of commitment are prepared for the judge's signature. 
See Ex parte Barnett, 600 S.W.2d 252, 257 (Tex. 1980). In Amaya, the Texas Supreme Court held
that a trial court has no authority to orally order a person confined for contemptuous acts committed
outside the presence of the court and, thereafter, unduly delay signing a commitment order. See id. 
In Amaya, the Texas Supreme Court held that a three-day delay between the oral rendition of
commitment and the signing of the written order of commitment was not a "short and reasonable
time." Id. at 225. 

 Less than twenty-four hours to prepare the commitment order is a short and reasonable time. 
See  In  re  Butler,  45  S.W.3d  268, 272 (Tex. App.-Houston [1st Dist.] 2001, orig. proceeding);
Ex parte Hogan, 916 S.W.2d 82, 86 (Tex. App.-Houston [1st Dist.] 1996, orig. proceeding). A four-day delay is too long, In re Morgan, 886 S.W.2d 829 (Tex. App.-Amarillo 1994, orig. proceeding); (4)
and a seven-day delay also violates due process rights. In re Markowitz, 25 S.W.3d 1 (Tex.
App.-Houston [14th Dist.] 1998, orig. proceeding).

 In this case, we have an order of contempt, which was entered two days after the contempt
proceeding. We need not rule on whether that order was entered within a "short and reasonable
time" because of our ruling on whether an adequate and timely order of commitment has been
provided. 

 The absence of a written commitment to enforce a contempt judgment presents an illegal
restraint  on  an  incarcerated  person.  Ex  parte  Puckitt,  159  Tex.  438,  322  S.W.2d  597  (1959);
Ex parte Seligman, 9 S.W.3d 452, 454 (Tex. App.-San Antonio 1999, orig. proceeding). When a
written judgment or order of contempt is signed, a written order of commitment delivered to the
sheriff or other appropriate officer is necessary to legally imprison a person. Barnett, 600 S.W.2d
at 256. A commitment order is the warrant, process, or order by which a court directs a ministerial
officer to take custody of a person. Ex parte Hernandez, 827 S.W.2d 858 (Tex. 1992); In re Dotson,
981 S.W.2d 237, 238 (Tex. App.-Houston [1st Dist.] 1998, orig. proceeding).

 The order containing a directive that a person be placed in jail and detained need not take a
particular form and may be a separate order issued by the court, an attachment or order issued by the
clerk at the court's direction, or included in the contempt judgment. Barnett, 600 S.W.2d 252;
Ex parte Smart, 152 Tex. 229, 256 S.W.2d 398 (1953). 

 In Hernandez, 827 S.W.2d at 859, the Texas Supreme Court held a contempt order
insufficient to serve also as a commitment order because it did not direct the sheriff or other
ministerial officer to take Hernandez into custody and detain him under the terms of the judgment,
nor did it direct the clerk to issue a written attachment or order of commitment to the proper officer. 
 In Hernandez, as in this case, the order did not include language committing Hernandez to
jail. See id. That order found Hernandez in contempt, assessed punishment, and described probation
conditions, but did not say he was being committed to jail. The court found that language
insufficient to serve as a commitment order.

 In this case, there is no written order of commitment. The order of contempt is specific, but
it does not order any official to take Mr. Morrow into custody, nor does it commit him to jail. There
is no language of command, and it has no direction to any officer. Accordingly, under Hernandez,
it cannot serve as an order committing Mr. Morrow to jail. There is no other written order which
provides  the  language  necessary  to  serve  as  such  an  order.  Three  days  have  now  expired
since Mr. Morrow was jailed. Under the authority of Amaya, we must conclude an unreasonable
time has elapsed without the issuance of the necessary order of commitment. 

 We therefore grant the petition for writ of habeas corpus and order that James Morrow be
immediately discharged from custody.


 Josh R. Morriss, III

 Chief Justice


Dated: June 13, 2002


Do Not Publish
1. The court also ordered him to pay "temporary spousal support" of $500.00 per month and
that he is "responsible for the timely payment of" minimum monthly payments on four medical bills,
a telephone bill, and a television bill. The trial court also ordered Mr. Morrow to make all past due
payments on a minivan in the amount of $2,281.56 and to continue to make all payments on the van
until the court ordered otherwise. The trial court also ordered both parties to attend a "parent
education class."
2. Ms. Morrow also alleged that he failed to attend a "parent education class," that he had not
made the minimum payments required by the order, and that he failed to make the payments on the
minivan as ordered, resulting in its repossession. Mr. Morrow states in his petition that the May
child support payment was made on Monday, June 3, 2002, one week before the hearing, and also
that the June payment was made on June 11, 2002.
3. Although its title includes "order of commitment," it does not contain any language of
commitment. It is only an order on contempt. 
4. The Amarillo court of appeals also held the trial court was without jurisdiction to sign the
contempt judgment after the court of appeals had already granted the writ of habeas corpus and
released the relator on bond. In re Morgan, 886 S.W.2d 829 (Tex. App.-Amarillo 1994, orig.
proceeding).



alse"
 UnhideWhenUsed="false" Name="Light Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00009-CR

                                                ______________________________

 

 

                                   DARNELL HARTSFIELD,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the Fourth
Judicial District Court

                                                              Rusk County, Texas

                                                         Trial Court
No. CR05-336

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

                                                                              

        
A jury convicted Darnell Hartsfield of five counts of capital
murder; he was sentenced to punishment at life imprisonment.  Hartsfield appeals from his conviction and
has filed a single brief, in which he raises issues common to all of his
appeals.[1]  He argues that the trial court committed
reversible error in that 1) the evidence supporting his conviction was legally
and factually insufficient and 2) admitting evidence of an extraneous offense.

        We addressed these issues in detail in
our opinion of this date in Hartsfields appeal in cause number
06-09-00006-CR.  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

         We affirm the trial courts judgment.

 

                                                                              

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          October
21, 2009

Date Decided:             February
4, 2010

 

Do Not Publish           

                                                                                    

 

 











[1]Defendant
appeals from five convictions, for capital murder, cause numbers 06-09-00006-CR
through 06-09-00010-CR.