6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00063-CV


______________________________





IN RE: ANTHONY E. GILL








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Anthony E. Gill has filed a petition for writ of mandamus in which he asks this Court to order
the 23rd Judicial District Court of Brazoria County to rule on his motion for default judgment in an
underlying civil case. (1) The trial court conducted a hearing with Gill present in December 2002. 

 We requested a response, which has now arrived. The response reveals a hearing was
conducted on the matter, and the motion for default judgment was granted at that time. The trial
court stated that it instructed Gill to submit a proposed judgment, that Gill has never done so, and
that the trial court stands ready to sign an appropriate judgment on the matter once one is submitted
by Gill.

 When this Court cannot take any action that can effect the requested relief, and thus the order
will  have  no  practical  result,  we  will  dismiss  the  petition for writ of mandamus  as  moot. Dow
Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995).

 The relief sought by Gill-that the trial court be directed to rule on his motion for default
judgment-is moot because the trial court has indeed ruled on that motion. The clerical task of
preparing the judgment and submitting it to the trial court for approval and signing now lies with Gill
as the prevailing party in the lawsuit.


 The petition for writ of mandamus is denied.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 10, 2003

Date Decided: June 11, 2003


1. Brazoria County is not in our appellate district, and we would typically not have jurisdiction
over a mandamus from that locale. However, the underlying appeal was transferred to this Court by
the Texas Supreme Court. We reversed the judgment and remanded the cause for further
proceedings. This mandamus is in connection with the furtherance of our mandate in that appeal.


 judgment of
contempt and a written order of commitment. Ex parte Hernandez, 827 S.W.2d 858 (Tex. 1992)
(orig. proceeding); Ex parte Strickland, 723 S.W.2d 668, 669 (Tex. 1987) (orig. proceeding). A
commitment order is a warrant, order, or process by which a court directs a ministerial officer to take
a person into custody. Hernandez, 827 S.W.2d at 858. "The order containing this directive need not
take a particular form and may be a separate order issued by the court, an attachment or order issued
by the clerk at the court's direction, or included in the contempt judgment." Id. An arrest for
contempt without a written commitment order is an illegal restraint from which the prisoner is
entitled to habeas relief. Ex parte Amaya, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding).

 The record before us contains a document entitled "Order Holding Respondent in Contempt
for Failure To Pay Child Support, Granting Judgment, And for Commitment to County Jail." That
order was signed by the trial court March 8, 2007, and makes factual findings that Richardson
violated several of the trial court's orders regarding support of Richardson's child and former spouse. 
The trial court's order also makes findings of both civil and criminal contempt, and it orders
Richardson be held in the Gregg County jail for a period of 180 days for his contemptuous behavior. 
But the document does not itself specifically order any sheriff, constable, or other law enforcement
officer to take Richardson into custody. 

 We reviewed a similar factual scenario in Littleton. The written order of contempt in
Littleton failed to specifically direct any law enforcement officer to take the contemnor into custody. 
Before this Court, the real party in interest sought to rely on the "Jail Commitment Card" to satisfy
the requirement that the trial court enter an order specifically directing the Gregg County sheriff to
take Littleton into custody. We concluded that a "jail card" was insufficient to satisfy Littleton's
procedural due-process rights, that the remaining orders in connection with the case were similarly
insufficient to satisfy procedural due-process requirements, and that Littleton's continued
confinement based on the inadequate orders violated Littleton's due-process rights. Littleton, 97
S.W.3d at 841-42.

 Turning to the case now before us, we see Richardson's procedural posture is different. 
While the trial court's order of March 8 does not expressly direct the Gregg County sheriff or any
other law enforcement official to take Richardson into custody and detain him for the term of the
judgment, there is another directive issued in this case that, if promptly issued, would have satisfied
that otherwise missing requirement: a writ of commitment issued by the district clerk of Gregg
County. That writ, issued March 13, 2007, states:

WRIT OF COMMITMENT


 STATE OF TEXAS §

 

 TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS:

 

 In Cause No. 2006-2888-DR pending in the 307th Judicial District Court of
GREGG County, Texas, styled "In the Matter of the Marriage of Brandy Richardson
and Adam Richardson and In the Interest of [D.R.]," ADAM RICHARDSON has
been adjudged in contempt of court.

 You are therefore COMMANDED to take into your custody and commit to
the jail of your county ADAM RICHARDSON to be confined in accordance with the
judgment of contempt attached to this writ or until he is otherwise legally discharged. 


That writ was issued pursuant to authorization contained in the trial court's March 8 order. Had the
"Writ of Commitment" been issued promptly after the trial court's March 8 order, the writ would
have satisfied Richardson's due-process right of having a written order of commitment in accord with
the Texas Supreme Court's requirements in Hernandez, 827 S.W.2d at 858. And cf. In re Dotson,
981 S.W.2d 237, 238 (Tex. App.--Houston [1st Dist.] 1998, orig. proceeding); Ex parte Hogan, 916
S.W.2d 82, 87-88 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding); Ex parte Alloju, 894
S.W.2d 85, 87-88 (Tex. App.--Houston [14th Dist.] 1995, orig. proceeding) (justice court issued
finding of contempt and ordered that order of commitment be issued commanding sheriff to arrest
contemnor). The writ of commitment in this case, however, was issued March 13, 2007, five days
after Richardson had been confined for contempt.

 In Amaya, the Texas Supreme Court considered a petition for writ of habeas corpus wherein
the relator was orally ordered confined on a Friday afternoon and, thereafter, on the following
Monday, the trial court signed a written commitment order. It was held that a three-day delay, even
over a weekend, in issuing a written commitment order was a violation of due process, entitling the
relator to his release. 748 S.W.2d at 225; see also Ex parte Jordan, 865 S.W.2d 459 (Tex. 1993)
(orig. proceeding).

 Accordingly, we hold both the Thursday, March 8, 2007, order by the trial court--to the
extent it ordered relator committed to custody--and the Tuesday, March 13, 2007, writ of
commitment by the district clerk to be invalid for lack of due process. Jordan, 865 S.W.2d 459;
Amaya, 748 S.W.2d at 225. 

 Because this issue is dispositive, we do not reach Richardson's other issue.

 We grant habeas corpus relief and order relator Adam Hugh Richardson unconditionally
released and discharged from the custody of the sheriff of Gregg County only to the extent that such
custody was ordered by said order and writ.



 Josh R. Morriss, III

 Chief Justice



Date Submitted: March 22, 2007

Date Decided: March 22, 2007
1. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004).
2. Richardson was correct, as of March 12, 2007, when he filed his petition herein, that no
commitment order had been issued. The commitment order, in the form of a Writ of Commitment,
was issued by the district clerk the next day, March 13. Because that writ was issued some five days
after Richardson had been physically restrained, it was too late to provide him the due process
guaranteed to citizens, as we explain in this opinion.