Writ of Habeas Corpus Granted and Memorandum Opinion filed July 10, 2003













Writ of Habeas
Corpus Granted and Memorandum Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-03-00558-CV

____________

 

IN RE GERALD CHRISTOPHER WALLING, Relator

 

 

_________________________________________________

 

ORIGINAL
PROCEEDING

WRIT OF HABEAS
CORPUS

 

_________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            In this original habeas corpus
proceeding, relator Gerald Christopher Walling seeks
release from confinement on the ground that the eight-day delay between his
confinement for contempt (for nonpayment of child support) and the signing of a
valid commitment order violated his due process rights.  We agree and grant relief.

            To confine a person for civil
contempt, due process requires both a written judgment of contempt and a
written order of commitment.  Ex parte
Hernandez, 827 S.W.2d 858, 858 (Tex. 1992).  A commitment
order is a warrant, order, or process by which a court directs a ministerial
officer to take a person into custody.  Id.  An arrest for contempt without a written commitment
is an illegal restraint from which the prisoner is entitled to habeas relief.  Ex parte Amaya, 748 S.W.2d 224, 225 (Tex. 1988). 

            As an exception to the foregoing
rule, a person may be incarcerated for contempt for a short and reasonable time
while a commitment order is being prepared. 
Id.  However, for this purpose, even a three-day
delay (from Friday to Monday) is unreasonable.  
Ex parte Jordan, 865 S.W.2d 459, 459 (Tex. 1993); Amaya,
748 S.W.2d at 225.

            In this case, Walling was
incarcerated on February
 26, 2003, pursuant to an “Order of Commitment.”  This order set a period of confinement and
stated “Let, therefore, commitment issue to the Sheriff of Harris County,
Texas, accompanied by a signed copy of this order,” but did not actually direct
anyone to take Walling into custody. 
Therefore, it was not a valid written commitment.  See
Hernandez, 827 S.W.2d at 858-59.  Although an order satisfying the necessary
requirements was entered by the trial court on March 6, 2003, the lapse of eight days from Walling’s incarceration on February 26 to entry of the
March 6 order was an unreasonable period of time for him to be incarcerated
without a commitment order.  Because Walling’s due process rights were thereby violated by this
incarceration, we grant his petition for writ of habeas corpus and order him
discharged from custody.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 10, 2003.

Panel
consists of Chief Justice Brister and Justices Edelman and Frost.