Opinion filed January 19, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed January 19, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

        Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00388-CV

 

                                                     __________

 

                                    IN
RE AUGUSTINE GONZALES

 

 



 

                                            Original
Habeas Corpus Proceeding

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This is an original habeas corpus proceeding.  Augustine Gonzales challenges the validity of
his confinement to jail following a hearing on a motion for enforcement of
child support.  Relator argues that the
confinement violates his due process rights because the trial court confined
him to jail without a written commitment order. 
We ordered relator released upon the posting of a bond pending a
decision in this case; and we requested Juanita Gonzales, the real party in
interest, to file a response to relator=s
petition on or before December 16, 2005. 
The real party in interest did not file a response.  Because relator=s
confinement without a written commitment order violates his due process rights,
we grant the petition for writ of habeas corpus and order relator immediately
discharged from custody.








The record contains the trial court=s docket sheet.  An October 17, 2005 entry in the docket sheet
notes that the trial court held relator in contempt and committed him to the
county jail of Ector County, Texas, for a period of six months.  The docket sheet also notes that relator
could purge himself of the contempt by paying $10,132 in back child
support.  The record demonstrates that
the Ector County Sheriff took relator into custody on October 17, 2005.  The record does not contain a written
commitment order.

To confine a person for civil contempt, due
process requires both a written judgment of contempt and a written order of
commitment.  Ex parte Hernandez,
827 S.W.2d 858 (Tex. 1992); Ex parte Seligman, 9 S.W.3d 452, 454 (Tex.
App.CSan
Antonio 1999, orig. proceeding).  A
commitment order is a warrant, order, or process by which a court directs a
ministerial officer to take a person into custody.  Ex parte Hernandez, 827 S.W.2d at
858.  The order containing this directive
need not take a particular form and may be a separate order issued by the
court, an attachment or order issued by the clerk at the court=s direction, or included in the
contempt judgment.  Ex parte Seligman,
9 S.W.3d at 454.  An arrest for contempt
without a written commitment order is an illegal restraint from which the
prisoner is entitled to habeas relief.  Ex
parte Amaya, 748 S.W.2d 224, 225 (Tex. 1988).

Relator was confined without a written commitment
order.  Therefore, the confinement
violates relator=s due
process rights.  Ex parte Amaya,
748 S.W.2d at 225.  We grant the petition
for writ of habeas corpus and discharge Augustine Gonzales from custody.

 

PER CURIAM

 

January 19, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.