Court Of Appeals

Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★          ★  ★  ★

**MEMORANDUM OPINION**

No. 04-09-00532-CV

**IN RE Jeffery John GALLIEN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: September 30, 2009

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

On August 24, 2009, relator Jeffery John Gallien filed a petition for writ of habeas corpus, complaining that the combined contempt and commitment order, holding him in contempt for failure to pay child support, is void. On August 13, 2009, Gallien was found in contempt for failure to pay child support and was taken into custody by the Sheriff of Bexar County. An order holding Gallien in contempt and committing him to the county jail was not signed until August 19, 2009. This combined contempt and commitment order outlines the findings of the court, finds that Gallien is in arrears in the amount of $12,570.32, finds him in contempt of court, and orders him confined in

[1] This proceeding arises out of Cause No. 2005-CI-04507, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Andy Mireles presiding. However, the challenged order was signed by the Honorable David A. Berchelmann, presiding judge of the 37th Judicial District Court, Bexar County, Texas.

the county jail "for a period of 30 days thereafter Respondent shall remain confined in the county jail of Bexar County, Texas until he has complied with the following order: IT IS ORDERED that Respondent pay $12,570.32, through the state disbursement unit, as child support arrearage (including any accrued interest). . ."

On August 24, 2009, Gallien filed a petition for writ of habeas corpus with this court, alleging in part that his due process rights were violated when the trial court neglected to sign the contempt and commitment order until six days after he was taken into custody. The record included certification from the sheriff that Gallien was still in custody. On August 26, 2009, we granted him interim relief, and ordered Gallien conditionally released from jail upon posting a cash bond. The respondent and the attorney for the real party in interest were provided an opportunity to respond to Gallien's petition. No response has been filed.

The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the relator, but to determine if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). Both a written judgment of contempt and a written commitment order are necessary to imprison a person who violates a court order outside the court's presence. *Ex parte Amaya*, 748 S.W.2d 224, 224-25 (Tex. 1988) (orig. proceeding); *Ex parte Seligman*, 9 S.W.3d 452, 454 (Tex. App—San Antonio 1999, orig. proceeding). A person found to be in contempt may be detained by the sheriff for a short and reasonable amount of time while contempt and commitment orders are prepared for the judge's signature. *See Ex parte Amaya*, 748 S.W.2d at 225. However, the Texas Supreme Court has held that a delay of three days in signing the necessary orders is not a short and reasonable time and violates due process. *Id.*

In this case, the trial court waited six days from the time Gallien was taken into custody by the sheriff to the time the trial court signed the contempt and commitment order. The delay of six days violated Gallien's due process rights. *See id.*; *Ex parte Seligman*, 9 S.W.3d at 454. Based on the foregoing, we find it unnecessary to address Gallien's remaining issues in his brief. Accordingly, we grant the petition for writ of habeas corpus and order Gallien released from custody and from the bond set by this court.

PER CURIAM