Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00676-CV

### IN RE Crispin RAMIREZ

Original Proceeding[1]

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:    December 9, 2009

PETITION FOR WRIT OF HABEAS CORPUS GRANTED

On October 21, 2009, relator Crispin Ramirez filed a petition for writ of habeas corpus, complaining that he has been illegally confined and restrained without a written contempt and commitment order after being held in contempt for failure to pay child support.

On October 16, 2009, Ramirez was found in contempt for failure to pay child support, and he was taken into custody by the Sheriff of Bexar County. Ramirez alleges his due process rights were violated when the trial court failed to sign a contempt and commitment order after he was taken

---

[1] This proceeding arises out of Cause No. 2009-CI-02786, styled *In the Matter of the Marriage of Maura A. Ramirez and Crispin Ramirez*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding. However, the challenged order was signed by the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas.

into custody. The record included certification from the sheriff that Ramirez was still in custody as of the date of the filing of this petition. On October 21, 2009, we granted Ramirez interim relief because he was being imprisoned without a written contempt and commitment order, and ordered him conditionally released from jail upon posting a cash bond. The respondent and the real party in interest were provided an opportunity to respond to Ramirez's petition. The real party in interest did not file a response. The respondent filed a response on November 12, 2009, with an attached contempt and commitment order that was signed on November 10, 2009. This combined contempt and commitment order finds Ramirez in contempt of court and orders him confined in the county jail for a period of 180 days, probated upon the payment of $3,000.00.

The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the relator, but to determine if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). Both a written judgment of contempt and a written commitment order are necessary to imprison a person who violates a court order outside the court's presence. *Ex parte Amaya*, 748 S.W.2d 224, 224-25 (Tex. 1988) (orig. proceeding); *Ex parte Seligman*, 9 S.W.3d 452, 454 (Tex. App.—San Antonio 1999, orig. proceeding). A person found to be in contempt may be detained by the sheriff for a short and reasonable amount of time while contempt and commitment orders are prepared for the judge's signature. *See Ex parte Amaya*, 748 S.W.2d at 225. However, the Texas Supreme Court has held that a delay of three days in signing the necessary orders is not a short and reasonable time and violates due process. *Id.*

In this case, the trial court waited twenty five days from the time Ramirez was taken into custody by the sheriff to the time the trial court signed the contempt and commitment order.[2] The

---

[2] Additionally, at the time Ramirez filed this petition, he had been confined for five days without a written contempt and commitment order.

delay of twenty five days violated Ramirez's due process rights.  *See id.*; *Ex parte Seligman*, 9 S.W.3d at 454.  Therefore, the November 10, 2009 contempt and commitment order is void.  Accordingly, we grant the petition for writ of habeas corpus and order Ramirez released from custody and from the bond set by this court.

Karen Angelini, Justice