02-12-407-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00407-CV

 

 


 
 
 In re Cary Jorge
 
 
  
 
 
 RELATOR
 
 


 

 

 

 

----------

ORIGINAL
PROCEEDING

----------

MEMORANDUM
OPINION[1]

----------

          Relator
Cary Jorge filed a petition for writ of habeas corpus challenging the validity
of his commitment to jail after the trial court found him in contempt for violating
the terms of agreed temporary orders.  We ordered Relator discharged upon the
posting of bond pending a final determination of his petition in this case.  See
Tex. R. App. P. 52.8(b)(3).[2]  Because
no order of commitment exists, we grant Relator’s petition for writ of habeas
corpus.

          A
writ of habeas corpus will issue if the trial court’s contempt order is void,
either because it is beyond the trial court’s power or because the relator has
not been afforded due process.  In re Henry, 154 S.W.3d 594, 596 (Tex.
2005) (orig. proceeding); In re Zapata, 129 S.W.3d 775, 776, 780 (Tex.
App.—Fort Worth 2004, orig. proceeding).  Both a written judgment of contempt
and a written order of commitment are required by due process to imprison a
person for civil constructive contempt.  Ex parte Hernandez, 827 S.W.2d
858, 858 (Tex. 1992) (orig. proceeding); Ex parte Wilson, 797 S.W.2d 6,
7 (Tex. 1990) (orig. proceeding) (holding that it is well-settled that to
satisfy due process requirements, a valid commitment order is essential). 

A
commitment order is the warrant, process, or order by which a court directs a
ministerial officer to take custody of a person.  Hernandez, 827 S.W.2d at
858.  The order containing this directive need not take a particular
form and may be a separate order issued by the court, an attachment or order
issued by the clerk at the court’s direction, or included in the contempt
judgment.  Id.  But an order that lacks any directive to the sheriff to
take a person into custody cannot constitute a commitment order.  Id. (holding
that contempt order was not commitment order because it contained no directive
to the sheriff and that, consequently, the relator was not validly confined); Zapata,
129 S.W.3d at 780 (holding that the relator was illegally restrained because
“[t]he trial court’s order in this case does not contain any language
whatsoever directing the sheriff or any other appropriate person to take custody
of [the r]elator, and no additional document was ever signed by the trial judge
or issued by the court clerk that contained the required directive”).  

Here,
the trial court’s “Order on Respondent’s Second Amended Petition for
Enforcement” found Relator in contempt for violating agreed temporary orders by
failing to make certain payments required by the agreed temporary orders and by
intentionally, knowingly, or recklessly causing Real Party in Interest bodily
injury.  Relator was ordered, in part, “committed to the county jail of Denton
County, Texas, for a period of forty-five (45) days for each separate
violation.”  Relator was confined pursuant to the trial court’s order on the
day that the order was signed––September 28, 2012.  Relator filed his petition
for writ of habeas corpus with this court on October 4, 2012, alleging that he
was illegally restrained because no commitment order had been signed.[3]  As
in Hernandez and Zapata, the trial court’s contempt order does
not direct the sheriff or other ministerial officer to take custody of Relator,
and no other document was signed by the trial court or issued by the court
clerk containing the required directive.  See Hernandez, 827 S.W.2d at
858–59; Zapata, 129 S.W.3d at 780.  Because there is no commitment
order, Relator is being illegally restrained; we grant his petition for writ of
habeas corpus, we order him immediately discharged from custody, and we order
Relator and any sureties discharged from all obligations on Relator’s bond.

 

 

SUE WALKER

JUSTICE

 

PANEL: 
DAUPHINOT, WALKER, and GABRIEL, JJ.

 

DELIVERED: 
October 26, 2012 

 

 








 



 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00407-CV

 


 
 
 In
 re Cary Jorge
 
 
 §
  
 §
  
 §
  
  
 §
  
 §
 
 
 Original
 Proceeding
  
 From the 431st District
 Court
  
 of
 Denton County (2011-70362-431)
  
 October
 26, 2012
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered relator’s petition for writ of habeas
corpus and is of the opinion that relief should be granted.  Accordingly,
relator’s petition is granted, we order him immediately discharged from
custody, and we order relator and any sureties discharged from all obligations
on relator’s bond.

          It
is further ordered that real party in interest Joleen Jorge shall pay all costs
of this proceeding, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

   
Justice Sue Walker

 









[1]See Tex. R. App. P. 47.4.

 





[2]We requested a
response from Real Party in Interest Joleen Jorge, see Tex. R. App. P. 52.8(b)(1),
but none was filed.





[3]Prior to ordering Relator
discharged upon the posting of bond pending our final determination of his
petition in this case, the clerk of our court by telephone confirmed with the
trial court that no commitment order had been signed.