

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00407-CV

IN RE CARY JORGE                                                    RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Cary Jorge filed a petition for writ of habeas corpus challenging the validity of his commitment to jail after the trial court found him in contempt for violating the terms of agreed temporary orders. We ordered Relator discharged upon the posting of bond pending a final determination of his petition in this case.

---

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. R. App. P. 52.8(b)(3).[2]  Because no order of commitment exists, we grant Relator's petition for writ of habeas corpus.

A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the trial court's power or because the relator has not been afforded due process.  *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Zapata*, 129 S.W.3d 775, 776, 780 (Tex. App.—Fort Worth 2004, orig. proceeding).  Both a written judgment of contempt and a written order of commitment are required by due process to imprison a person for civil constructive contempt.  *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992) (orig. proceeding); *Ex parte Wilson*, 797 S.W.2d 6, 7 (Tex. 1990) (orig. proceeding) (holding that it is well-settled that to satisfy due process requirements, a valid commitment order is essential).

A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person.  *Hernandez*, 827 S.W.2d at 858.  The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment.  *Id.*  But an order that lacks any directive to the sheriff to take a person into custody cannot constitute a commitment order.  *Id.* (holding that contempt order was not commitment order because it contained no directive to the sheriff and that,

[2]We requested a response from Real Party in Interest Joleen Jorge, *see* Tex. R. App. P. 52.8(b)(1), but none was filed.

2

consequently, the relator was not validly confined); *Zapata*, 129 S.W.3d at 780 (holding that the relator was illegally restrained because "[t]he trial court's order in this case does not contain any language whatsoever directing the sheriff or any other appropriate person to take custody of [the r]elator, and no additional document was ever signed by the trial judge or issued by the court clerk that contained the required directive").

Here, the trial court's "Order on Respondent's Second Amended Petition for Enforcement" found Relator in contempt for violating agreed temporary orders by failing to make certain payments required by the agreed temporary orders and by intentionally, knowingly, or recklessly causing Real Party in Interest bodily injury. Relator was ordered, in part, "committed to the county jail of Denton County, Texas, for a period of forty-five (45) days for each separate violation." Relator was confined pursuant to the trial court's order on the day that the order was signed—September 28, 2012. Relator filed his petition for writ of habeas corpus with this court on October 4, 2012, alleging that he was illegally restrained because no commitment order had been signed.[3] As in *Hernandez* and *Zapata*, the trial court's contempt order does not direct the sheriff or other ministerial officer to take custody of Relator, and no other document was signed by the trial court or issued by the court clerk containing the required directive. *See Hernandez*, 827 S.W.2d at 858–59; *Zapata*, 129 S.W.3d at 780. Because there

---

[3]Prior to ordering Relator discharged upon the posting of bond pending our final determination of his petition in this case, the clerk of our court by telephone confirmed with the trial court that no commitment order had been signed.

3

is no commitment order, Relator is being illegally restrained; we grant his petition for writ of habeas corpus, we order him immediately discharged from custody, and we order Relator and any sureties discharged from all obligations on Relator's bond.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  October 26, 2012

4