**Petition for Writ of Habeas Corpus Granted, Motion for Emergency Relief Denied as Moot, and Memorandum Opinion filed July 15, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-14-00525-CV**

---

**IN RE CHRISTOPHER SPATES, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2001-61475**

---

## MEMORANDUM OPINION

On July 3, 2014, relator Christopher Spates filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to order his release from confinement in the Harris County Jail for contempt based on an order issued by the Honorable Bonnie Crane Hellums, presiding judge of the 247th District Court of Harris County. Also on July 3, 2014, relator filed a motion for emergency relief, requesting that this

Court grant relator interim habeas relief pending disposition of the merits of his petition by temporarily releasing him from custody upon the posting of bond. Relator filed an amended petition and emergency motion on July 7, 2014. We grant relator's petition for writ of habeas corpus, and deny as moot relator's motion for emergency relief.

The trial court signed a commitment order on July 1, 2014, which references a prior June 2, 2014 order finding relator in contempt. However, the trial court did not sign the referenced contempt order or otherwise issue a written judgment of contempt against relator. "It is well established that both a written judgment of contempt and a written order of commitment are required by due process to imprison a person for civil constructive contempt." *In re Green*, 221 S.W.3d 645, 649 (Tex. 2007) (per curiam) (orig. proceeding) (quoting *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992) (per curiam) (orig. proceeding)). Given the absence of a signed contempt judgment, the trial court's commitment order of July 1, 2014 violates relator's due process. An order is void if it deprives the relator of liberty without due process. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). "A writ of habeas corpus will issue if the commitment order is void because it deprives the relator of liberty without due process of law." *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding).

2

Accordingly, we grant relator's petition for writ of habeas corpus, vacate the trial court's commitment order of July 1, 2014, and order relator discharged from custody. Because we grant relator's petition, we deny as moot relator's motion for emergency relief.


PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.