

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00232-CV

IN RE S.W.

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 233-305590-00

------------

## MEMORANDUM OPINION[1]

------------

Relator S.W. filed a petition for writ of habeas corpus, and through seven issues, challenged the validity of her commitment to jail after the trial court found her in contempt for violating the terms of a modified divorce decree. We ordered S.W. discharged upon the posting of bond pending a final determination of her petition in this case. *See* Tex. R. App. P. 52.8(b)(3). Because no order of commitment exists, we grant S.W.'s petition for writ of habeas corpus.

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the trial court's power or because the relator has not been afforded due process. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Zapata*, 129 S.W.3d 775, 776–77, 780 (Tex. App.—Fort Worth 2004, orig. proceeding). Both a written judgment of contempt and a written order of commitment are required by due process to imprison a person for constructive contempt. *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992) (orig. proceeding); *Ex parte Wilson*, 797 S.W.2d 6, 7 (Tex. 1990) (orig. proceeding) (holding that it is well settled that to satisfy due process requirements, a valid commitment order is essential).

A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Hernandez*, 827 S.W.2d at 858. The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment. *Id.* But an order that lacks any directive to the sheriff to take a person into custody cannot constitute a commitment order. *Id.* at 858–59 (holding that contempt order was not commitment order because it contained no directive to the sheriff and that, consequently, the relator was not validly confined); *Zapata*, 129 S.W.3d at 780 (holding that the relator was illegally restrained because "[t]he trial court's order in this case does not contain any language whatsoever directing the sheriff or any other appropriate person to take custody of [the r]elator, and no additional

2

document was ever signed by the trial judge or issued by the court clerk that contained the required directive.").

Here, the trial court's "Order Holding Respondent in Contempt and for Commitment of Respondent" found S.W. in contempt for violating a modified divorce decree in that she failed to make certain payments; sign up for required family programs; notify the court of employment or name changes; adhere to visitations as ordered in the decree; or changed her child's class enrollment without mutual consent. S.W. was ordered, in part, "confined in the county jail of Tarrant County, Texas, for 180 days." S.W. was confined pursuant to the trial court's order on the day that the order was signed—July 13, 2015. S.W. filed her petition for writ of habeas corpus with this court on July 20, 2015, alleging that she was illegally restrained because no commitment order had been signed.

As in *Hernandez* and *Zapata*, the trial court's contempt order does not direct the sheriff or other ministerial officer to take custody of S.W., and no other document was signed by the trial court or issued by the court clerk containing the required directive. *See Hernandez*, 827 S.W.2d at 858–59; *Zapata*, 129 S.W.3d at 780. Because there is no commitment order, S.W. is being illegally restrained; we grant her petition for writ of habeas corpus, we order her discharged immediately from custody, and we order S.W. and any sureties discharged from all obligations on S.W.'s bond. S.W.'s remaining issues are rendered moot or have never been briefed.

Moreover, in the interim between S.W. filing this habeas proceeding and this court issuing this holding, Real Party in Interest filed "Real Party in Interest's Motion to Disqualify" arguing that this court should disqualify S.W.'s habeas attorney. The attorney, however, withdrew and S.W. is now represented by unchallenged counsel. Thus, Real Party in Interest's motion is moot and we dispose of it as such.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED:  August 28, 2015