**Ex parte Alan James CULP, Relator.**

**No. C14–91–0495–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 26, 1991.

Bill De La Garza, Houston, for relator.

Kenneth C. Kaye, Houston, for respondent.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Relator was being held in the Galveston County jail after being adjudged in contempt of court for failure to make child support payments as ordered in a divorce decree. We granted his motion for leave to file application for writ of habeas corpus, which challenged his confinement on various grounds, and ordered him released on bond pending our determination on the merits. We now grant the writ.

One of relator's attacks on his confinement is that "an appropriate written order of commitment does not exist." A response has been filed in which respondent asserts that "the order signed by Judge Olsen in this case contains *both* a contempt order *and* a commitment order." We disagree.

After the judgment makes the appropriate findings necessary to support an order of contempt, it recites:

"IT IS ADJUDGED that Respondent, ALAN JAMES CULP, is in contempt of this Court for each separate violation enumerated above. It is ORDERED that punishment for each separate violation is assessed at confinement in the county jail of Galveston County, Texas, for a period of six months for each of such counts set out above, a total of 11 counts."

Nowhere in the order is the sheriff ordered to imprison relator in compliance with the judgment of contempt.

■ In order to satisfy due process requirements, it is necessary that there be both a written judgment of contempt and a written commitment order. *Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980). A "commitment" is a warrant, order, or process by which a court or magistrate directs a ministerial officer to take a person to jail or to imprison and detain him. *Ex parte Puckitt*, 159 Tex. 438, 322 S.W.2d 597 (1959).

■ While Art. 16.20, Code of Criminal Procedure, sets out the requisites of a commitment in a criminal proceeding, the supreme court has stated that there is no particular form for an order of commitment, and it "may be contained in an authenticated copy of the court's judgment or in a separate order signed by the judge or by the clerk of the court at the judge's direction." *Barnett*, 600 S.W.2d at 256. There being no order of commitment, the Sheriff of Galveston County is without authority to confine relator under the order of contempt.

A discussion of relator's other contentions would amount to obiter dictum.

Relator is ordered released from his present confinement.