**In re Eric DOTSON, Relator.**

**No. 01–98–00406–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1998.

Robert Penrice, Texas City, for appellants.

Before COHEN, O'CONNOR and ANDELL, JJ.

### OPINION

COHEN, Justice.

Relator, Eric Dotson, asserts he is illegally restrained and requests habeas corpus relief from an order issued by respondent, the Honorable Susan Baker Olsen, judge of the 306th District Court, Galveston County. The order granted the motion for enforcement of child support filed by relator's ex-wife, Clarissa Rideaux, the real party in interest.

## Facts

On February 4, 1998, respondent held a hearing on the motion for enforcement. The following day, she signed the first order in question. In it, respondent found that relator violated the court's child support orders 23 times. Respondent found on each of the 23 occasions, relator was able to pay. Respondent sentenced relator to punishment of 30 days in jail for each violation, with each period of confinement to be served consecutively. Respondent also assessed coercive contempt confinement and awarded Rideaux a money judgment for child support arrearages in the amount of $12,000.

On February 26, 1998, respondent signed a nunc pro tunc order. Relator contends it was done without notice to him. It differs from the February 5 order only in that it awards the judgment for child support arrearage to the attorney general instead of Rideaux and instructs the attorney general to distribute the arrearage according to law.

## Restraint Issue

Rideaux asserts we have no jurisdiction because relator has not proved he is restrained. *See* TEX. R.APP. P. 52.3(j)(1)(D). Rideaux does not deny that relator is restrained. We hold relator's uncontroverted affidavit attesting to his restraint satisfies rule 52.3(j)(1)(D) and that we have jurisdiction.

## Issue One

Relator contends there is no legally sufficient commitment order. We disagree.

The February 5, 1998 order provides: "IT IS THEREFORE ORDERED that Respondent is committed to the county jail of Galveston County, Texas, for a period of thirty (30) days for each separate violation enumerated above."[1]

■ A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex.1992). The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment. *Id.*

In *Hernandez*, the supreme court held a contempt order insufficient to also serve as a commitment order because it did not direct the sheriff or other ministerial officer to take Hernandez into custody and detain him under the terms of the judgment, nor did it direct the clerk to issue a written attachment or order of commitment to the proper officer. *Id.* at 859. Relator relies on *Hernandez*, but we hold it is distinguishable.

■ In *Hernandez*, the order did not include language committing Hernandez to jail. *See id.* (The order found Hernandez in contempt, assessed punishment, and described probation conditions, but did not say he was being *committed* to jail). The present order[2] provides, "IT IS THEREFORE ORDERED that Respondent is *committed* to the county jail of Galveston County, Texas, for a period of thirty (30) days for each separate violation enumerated above." (Emphasis added.) While this language is not explicitly directed to a sheriff or other ministerial officer, it has been held sufficient as a commitment. *See Ex parte Johns*, 807 S.W.2d 768, 774 (Tex.App.—Dallas 1991, orig. proceeding). We agree with the *Johns* holding.

Accordingly, we resolve issue one against relator.

## Issue Two

■ Relator states the second issue presented as, "Whether the entry of a second judgment in a contempt proceeding without notice to [him] or opportunity to be heard deprives [him] of 'due process.'" The record is *silent* on this issue. It does not show that appellant was not notified, was not present, or was not heard.

No part of the February 5 order concerning relator's confinement was changed by the

---

**1.** The violations "enumerated above" are the 23 violations of child support orders.

**2.** The order is styled, "ORDER HOLDING RESPONDENT IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT, GRANTING JUDGMENT, AND FOR *COMMITMENT* TO COUNTY JAIL." (Emphasis added.)

nunc pro tunc order. No change was made that was *adverse in any way* to relator. We find unpersuasive relator's argument that the change in who gets the first payment of arrearage and how much will reduce the possibility of settlement and therefore whether relator will be released. Consequently, we hold that any error was harmless. TEX. R. APP. P. 44.1.

We resolve issue two against relator.

**Issue Three**

■ Relator contends he should be released because he has no money to pay the judgment and thus purge himself of the contempt. This is an attack on the civil, coercive portion of the order. The punitive contempt provisions of the court's order assessed 23 consecutive terms of 30 days each. Until relator has served them, his attack on the civil portion of the contempt order is premature. *See Ex parte Occhipenti,* 796 S.W.2d 805, 809–10 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding).

We resolve the third issue against relator.

We deny habeas corpus relief.