Ex parte Edward Ray USTICK.

No. 10-00-034-CV.

Court of Appeals of Texas,
Waco.

Feb. 8, 2000.

Hoagie L. Karels, Waco, for Relator.

John Cornyn, Atty. Gen., Rhonda Pressley, John B. Worley, Asst. Attys. Gen., Austin, for respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

Relator, Edward Ray Ustick, is being held in jail for failing to appear for his commitment for contempt. He brings this Petition for Writ of Habeas Corpus claiming he should be discharged from custody. We agree and grant the writ.

### BACKGROUND

Pursuant to a decree of divorce, Ustick was ordered to pay $216.00 per month as child support for his child. The Attorney General's Office filed a motion to enforce the order of child support. In August of 1999, after a hearing before a court master, Ustick was found to be in arrears on his child support obligation in the amount of $11,815.20. The court found Ustick to be guilty of contempt and ordered coercive and punitive contempt which included four concurrent 180 day sentences in the county jail. Ustick was ordered to appear again before the court on November 18, 1999, to begin his commitment to the county jail.

Ustick failed to appear as ordered to begin his period of commitment. The court issued a capias for his arrest on November 29, 1999. Ustick was arrested on January 20, 2000, and taken to the McLennan County jail. He has filed a petition for writ of habeas corpus and, in three issues, contends he must be released from custody.

JURISDICTION

■ Although Ustick did not discuss the topic of jurisdiction, it is important to decide first whether we have jurisdiction to review his habeas petition. The courts of appeals, concurrent with the Texas Supreme Court, have limited jurisdiction of habeas proceedings by virtue of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221(d) (Vernon Supp.2000). This section provides, in part:

> (d) Concurrently with the supreme court, the court of appeals ... may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case....

*Id.* We do not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Because Ustick's restraint is due to his violation of a civil court order to pay child support, we have jurisdiction to consider his petition.

COMMITMENT FOR CONTEMPT

■ In his third issue, Ustick contends that the Order Enforcing Child Support Obligation signed by the master and the district court judge does not constitute a valid commitment order. He does not contest the validity of the contempt order within the enforcement order. Due process requires both a written judgment of contempt and a written order of commitment to punish a person for constructive contempt of court. *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex.1987); *see also Ex parte Hardin*, 344 S.W.2d 152, 153, 161 Tex. 567 (1961). If properly drafted, the two orders may be contained in the same document. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex.1992). A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Id.* Although the form of a commitment order is not important, the substance of one is. *Id.*

■ In this case, under the punitive contempt section, the enforcement order provides:

> The Court ORDERS *EDWARD RAY USTICK* committed to the county jail for *180* days for each separate act of contempt, said commitments to run concurrently.

Under the coercive contempt section, the enforcement order provides:

> The Court FINDS that Obligor *EDWARD RAY USTICK* can pay the amounts listed below and ORDERS *him* committed to the county jail until *he* pays $*1000.00* in child support arrearages.

There is no other language or document that could be construed as a written commitment order.

Two sister courts of appeals have construed the above language to be sufficient commitment orders. *See Ex parte Johns*, 807 S.W.2d 768, 774 (Tex.App.—Dallas 1991, orig. proceeding); *In re Dotson*, 981 S.W.2d 237, 238 (Tex.App.—Houston [1st Dist.] 1998, orig. proceeding). However, since the Dallas Court's opinion in *Johns*, the Texas Supreme Court has held that a contempt order does not satisfy the requirement for a commitment order unless it directs the sheriff or other ministerial officer to take a contemnor into custody and detain him under the terms of the judgment. *Hernandez*, 827 S.W.2d at 859. This is true even if the contemnor is ordered to be confined in the county jail for a period of time, ordered to pay a fine and court costs, and allowed to be released on probation after serving only part of his sentence. *Id. See also Ex parte Culp*, 816 S.W.2d 564, 565 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding).

In distinguishing *Hernandez*, the First Court in Houston claimed the difference between *Dotson, Johns*, and *Hernandez* was that in *Hernandez*, the order did not

say that the contemnor was "committed" to jail.[1] *Dotson*, 981 S.W.2d at 238. After reading *Hernandez*, we do not believe the term "committed" is determinative of a sufficient commitment order. The Supreme Court specifically stated that the order in *Hernandez* did not direct the sheriff or other ministerial officer to take Hernandez into custody and detain him pursuant to the contempt order. We believe this language to be dispositive in determining the sufficiency of a commitment order. Therefore, we decline to follow *Johns* and *Dotson* and follow, as we must, the lead of the Supreme Court in *Hernandez*. The enforcement order against Ustick is not sufficient as a commitment order.

## OTHER ISSUES

■ In his first issue, Ustick contends he must be discharged because he was not brought before the court within one day of his arrest pursuant to section 157.105 of the Texas Family Code. TEX. FAM.CODE ANN. § 157.105 (Vernon 1996). Ustick's confinement was not due to his failure to appear for a motion to enforce a child support order, and section 157.105 is inapplicable. Due to the disposition of his third issue, we do not reach his second issue.

## CONCLUSION

Because the enforcement order did not direct anyone to take Ustick into custody and detain him pursuant to its order of contempt, no sufficient commitment order exists, and Ustick is being restrained illegally.

We grant Ustick's petition for a writ of habeas corpus and order him immediately discharged from custody.

---

1. Because the Supreme Court did not specifically set out the language of the insufficient order, we cannot be sure that the difference between the cases hinges on the fact that the *Hernandez* order did not "commit" him to jail.