**In re Jeffrey Don WHITE, Relator.**

**No. 10–01–00113–CV.**

Court of Appeals of Texas, Waco.

May 23, 2001.

Nita Kissel Fanning, Waco, for appellant.

Kathleen Dow, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

Relator, Jeffrey Don White, was held in contempt by the trial court for failing to pay child support, and he was incarcerated in the McLennan County Jail for 180 days. He filed this Petition for Writ of Habeas Corpus claiming he should be discharged from custody. We ordered him released pending the outcome of this proceeding, provided he posted a $2,500 bond. We will grant relief.

### BACKGROUND

In a 1996 decree of divorce, Jeffrey was ordered to pay $279.00 per month in child support. When he failed to make the payments, his former wife, Elizabeth Holly White, filed a motion for contempt and for other relief. A hearing on the motion was held on November 24, 1999. Jeffrey was found to be in arrears on his child support obligation, and the court issued an Order holding him in contempt on each of the forty-two late child-support payments. The court ordered Jeffrey to jail for 180 days for each act of contempt, assessed a $500 fine, rendered a judgment against him for child-support arrearages in the amount of $11,488.10, and ordered him to pay $400 for Elizabeth's attorney's fees.

Jeffrey did not appear in person at the hearing. He was not arrested until April 11, 2001, at which time he began to serve the 180 days. He filed this petition for a writ of habeas corpus on April 20, 2001. We granted bail by order issued on the same day. In his petition he contends that the Order of contempt and for incarceration is void because: (1) he did not personally appear at the hearing, and by statute he cannot be held in contempt absent physical appearance at the hearing, (2) the Order states only that the forty-two 180 day confinements shall "run concurrently or consecutively upon order of the court," and therefore the Order is void for vagueness, and (3) the Order does not, as required by statute, contain specific provisions stating under what conditions Jeffrey may be released.

### JURISDICTION

The courts of appeals, concurrent with the Texas Supreme Court, have limited jurisdiction of habeas corpus proceedings by virtue of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221(d) (Vernon Supp.2000). This section provides, in part:

> (d) Concurrently with the supreme court, the court of appeals ... may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

*Id.* We do not have original habeas corpus jurisdiction in criminal law matters. *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Because Jeffrey's restraint is due to his violation of a civil court order to pay child support, we have jurisdiction to consider his petition.

PERSONAL APPEARANCE AT THE HEARING

■ Jeffrey complains that he cannot be held in contempt because he was not physically present at the hearing. In her response, Elizabeth admits that Jeffrey is correct and that the contempt order is therefore void.

■ Under section 157.066 of the Texas Family Code, a respondent who fails to personally appear at a hearing regarding enforcement of a previous court order cannot be held in contempt, but rather the court must issue a capias and have the respondent apprehended and brought to court for the hearing. TEX. FAM.CODE ANN. § 157.066 (Vernon 1996). Procedural due process also requires that Jeffrey have been physically present. *E.g., Ex Parte Alloju*, 907 S.W.2d 486, 487 (Tex.1995); *Cadle Company v. Lobingier*, 34 S.W.3d 598, 605 (Tex.App.—Fort Worth 2000, no pet.). When Jeffrey did not personally appear, the court should have issued a capias. Instead, it held him in contempt and ordered the Sheriff to arrest him and incarcerate him. As Elizabeth has agreed, this was clearly in violation of the statute, and therefore the contempt order is void.

We sustain the complaint.

VAGUE PROVISION

In another of his three complaints, Jeffrey contends that the Order is void for vagueness. The Order states in part: "JEFFREY DON WHITE, shall be com-

mitted to the county jail of McLennan County, Texas, for 180 days for each separate act of contempt, said commitments *to run concurrently or consecutively* upon order of the court.... The Court ORDERS the Sheriff to arrest JEFFREY DON WHITE and commit him to the county jail as ordered above." (Italics added). The Order does not state when the court will make the determination of whether the sentences will run concurrently or consecutively.

■ Due process requires both a written judgment of contempt and a written order of commitment to punish a person for constructive contempt of court. *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex.1987); *see also Ex parte Hardin*, 161 Tex. 567, 344 S.W.2d 152, 153 (1961). If properly drafted, the two orders may be contained in the same document. *Ex parte Ustick*, 9 S.W.3d 922, 924 (Tex. App.—Waco 2000, no pet.) (citing *Ex parte Hernandez*, 827 S.W.2d 858 (Tex.1992)). A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Ustick*, 9 S.W.3d at 924. Although the form of a commitment order is not important, the substance is. *Id*.[1]

However, because we will reverse on the "personal appearance" complaint, we do not decide this complaint.

---

**1.** We note that the same protections that apply to a defendant in a criminal proceeding apply to a contemnor in a criminal contempt proceeding. *Ex parte Johnson*, 654 S.W.2d 415, 420–21 (Tex.1983). In criminal jurisprudence, the court may, depending on the circumstances, order sentences to run either consecutively (cumulatively) or concurrently. TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.2001). If sentences are to be consecutive, the order to cumulate must be in writing and must be given at the time of pronouncement of sentence, *i.e.*, when the written judg-

ment is issued. *Dutton v. State*, 836 S.W.2d 221, 228–29 (Tex.App.—Houston [14th Dist.] 1992, no pet.). If the court does not expressly make the cumulation order, sentences pronounced on the same occasion must run concurrently. *See Perez v. State*, 831 S.W.2d 884, 886 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (citing *Ex parte Applewhite*, 729 S.W.2d 706, 708 (Tex.Crim.App.1987)). *See also In re Dotson*, 981 S.W.2d 237, 238 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (both civil (coercive) contempt and criminal (punitive) contempt ordered).

CONDITIONS OF RELEASE

Finally, Jeffrey complains that the Order is void because, in violation of statute, it does not state under what conditions Jeffrey can gain his release. Section 157.166(c) of the Family Code states: "If the enforcement order imposes incarceration for *civil* contempt, the order must state the specific conditions on which the respondent may be released from confinement." (Italics added). TEX. FAM.CODE ANN. § 157.166(c) (Vernon Supp.2001). We note that the Order is silent as to any such conditions. However, again, because we will reverse on the "personal appearance" complaint, we do not decide this complaint.

CONCLUSION

Because the Order was issued without Jeffrey's personal appearance at the hearing on contempt, the order of contempt is illegal and void.

We grant Jeffrey's petition for a writ of habeas corpus, vacate the Order holding him in contempt and ordering him to be incarcerated, and order him discharged from custody. The bond for his appearance before this court is dismissed.