Affirmed, in Part, and Dismissed, in Part, and Opinion filed May 1, 2003









Affirmed,
in Part, and Dismissed, in Part, and Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00663-CR

____________

 

CARL WILLIAM JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 345,166

 



 

O P I N I O N

Appellant, Carl William Johnson, appeals from the trial court=s denial of his motion for
postconviction DNA testing.  In two
points of error, appellant complains (1) the trial court abused its discretion
by granting the States=s motion to deny forensic DNA testing, and (2) Chapter 64 of
the Code of Criminal Procedure violates due process.  We affirm, in part, and dismiss, in part.








In 1982, appellant was convicted of aggravated rape and
sentenced to 60 years= confinement in the Institutional Division of the Texas
Department of Criminal Justice.  On July
9, 2001, appellant filed pro se a postconviction motion for DNA testing.[1]  See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2003).  On July 25, 2001, the trial court appointed
counsel to represent appellant.  On
February 19, 2002, appellant=s counsel filed a second motion for postconviction DNA
testing.  On May 7, 2002, the State filed
a motion requesting the denial of DNA testing, in which it asserted that it
could not produce the evidence because it does not exist.  See Tex.
Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2003).  The trial court denied appellant=s request for DNA testing and issued
findings of fact and conclusions of law. 


In his first issue, appellant claims the trial court abused
its discretion in denying his request for DNA testing.  Appellant requested DNA testing of the
biological evidence contained in the “rape kit” collected by the police.  The State presented three affidavits in
support of its motion.  Appellant argues
the affidavits are not sanctioned by Chapter 64 and, thus, are not competent
evidence on which to deny relief.  When
the State offered the affidavits into evidence at the hearing on the motion for
DNA testing, appellant=s counsel stated, “Your Honor, I have already inspected the
items and have no objection.”  In the
absence of any objection to the affidavits, appellant has waived this issue on
appeal. See Tex. R. App. P. 33.1  








Even if appellant had not waived this complaint on appeal, he
cannot prevail.  Upon receipt of the
motion, article 64.02 requires the State to deliver the evidence to the court
or explain in writing why it cannot do so. 
Tex. Code. Crim. Proc. Ann.
art. 64.02(2)(A),(B).  The trial court,
therefore, was authorized to consider the affidavits tendered by the
State.  Moreover, in determining whether
the evidence exists, the convicting court may make that determination based on
the sufficiency of the appellant=s affidavit and the State=s written response.  Rivera v. State, 89 S.W.3d 55, 58B59 (Tex. Crim. App. 2002); Cravin
v. State, 95 S.W.3d 506, 511 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).

Appellant further complains the affidavits submitted by the
State in support of its response do no more than suggest that the 184th
District Court has possession of the rape kit. 
To the contrary, included in the record is the affidavit of Melchora
Vasquez, the Exhibits Clerk for the Harris County District Clerk=s Office, stating that the records of
the Harris County District Clerk=s office do not reflect that any
evidence from appellant=s case is in its possession. 
Appellant=s first issue is overruled. 


In his second issue, appellant claims Chapter 64 is
unconstitutional because it violates due process by failing to recognize the
State=s duty to preserve potentially useful
evidence.  We find appellant=s constitutional claim is outside the
scope of an appeal from the denial of a motion for DNA testing and, instead,
seeks habeas relief.  Watson v. State,
96 S.W.3d 497, 500 (Tex. App.CAmarillo 2002, pet. ref=d) (finding appellant=s claim that State=s failure to preserve biological
material denied him due process of law was request for application for writ of
habeas corpus).  We do not have original
habeas corpus jurisdiction in criminal cases. 
Tex. Gov=t Code Ann. ' 22.221 (Vernon Supp. 2003); Ex
parte Ustick, 9 S.W.3d 922, 924 (Tex. App.CWaco 2000, no pet); Ex parte
Hawkins, 885 S.W.2d 856, 588 (Tex. App.CEl Paso 1994, no pet.).  In the absence of jurisdiction over appellant=s constitutional claim, appellant=s second issue is dismissed.[2]  








We affirm the judgment of the trial court with respect to
appellant=s first issue.  With respect to appellant=s second issue, we dismiss for lack
of jurisdiction.  

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 1, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Under
Article 64.01, a convicted person may submit a motion to the convicting court
requesting DNA testing of evidence containing biological material that was in
the State=s possession
during trial.  Tex. Code Crim. Proc. Ann. art. 64.01(a); Dinkins v. State,
84, S.W.3d 639, 641B42 (Tex. Crim.
App. 2002).  The motion must be
accompanied by an affidavit sworn to by the convicted person, containing
statements of fact in support of the motion. 
Tex. Code Crim. Proc. Ann.
art. 64.01(a).  For evidence that was not
previously subjected to DNA testing, the convicted person must show in his
motion that DNA testing was not available; DNA testing was available but not
technologically capable of providing probative results; or through no fault of
the convicted person, the evidence was not tested but requires testing in order
to satisfy the interest of justice.  Id.
at art. 64.01(b)(1)(A),(B); Dinkins, 84 S.W.3d at 642. 





[2]  Even
if we had jurisdiction over appellant=s
constitutional claim, appellant waived this complaint on appeal by failing to
raise it in the trial court.  Hull v.
State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (finding defendant waived
due process complaints when raised for first time on appeal); Tex. R. App. P. 33.1.  Moreover, even if appellant had not waived
this issue for appellate review, he cannot prevail.  Unless the defendant can demonstrate bad
faith on the part of the State, failure to preserve potentially useful evidence
does not constitute a denial of due process. 
Arizona v. Youngblood, 488 U.S. 51, 58 (1988); Ex parte
Brandley, 781 S.W.2d 886, 894 (Tex. Crim. App. 1989).  Appellant has failed to allege any bad faith
on the part of the State.  Instead,
appellant merely argues that Chapter 64 Apermits
the State to lose evidence with impunity@
and further Aencourages the
loss or destruction of evidence . . .@