**Opinion issued December 22, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00651-CV

_____

## IN RE GYANENDRA PATRA, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Gyanendra Patra was held in contempt of the trial court's March 6, 2020 agreed final judgment and injunction and ordered confined by the trial court's July 20, 2020 order of contempt and commitment. Patra seeks a writ of habeas corpus, claiming that he is being illegally restrained under the trial court's July 20, 2020

order which he contends is invalid.[1] The trial court suspended commitment and ordered Patra released on bond of $100.00 subject to his compliance with certain conditions.[2] Because we conclude that Patra is illegally restrained, we grant the writ, vacate the trial court's contempt and commitment order, and order Patra released from custody.

## Background

This case arises from a lawsuit filed by real parties in interest, Clare Schoene and her husband, Adam Hampton, against Gyanendra Patra alleging claims of stalking, intentional infliction of emotional distress, private nuisance, and tortious interference with business relations or employee relations. Problems began soon after Patra was first employed by Schlumberger as a software architect in March 2019. Schoene was another Schlumberger employee and soon after Patra began working at Schlumberger, Schoene complained that Patra was harassing her by giving her unwanted attention, leaving her gifts, making inappropriate comments,

---

[1] The underlying case is *Clare Schoene and Adam E. Hampton v. Gyanendra Patra*, cause number 20-DCV-271333, pending in the 400th District Court of Fort Bend County, Texas, the Honorable Maggie Jaramillo presiding.

[2] Pending the outcome of this Court's ruling on Patra's habeas, the trial court granted Patra's request to suspend the imposition of commitment and released Patra on $100 bond with the following restrictions: (1) he must wear a GPS tracking device on his ankle; (2) he must remain in his home from 6:00 p.m. to 6:00 a.m. Monday through Friday; (3) he must remain in his home between the hours of 6:00 p.m. Friday through 6:00 a.m. Monday; (4) he is to be supervised by the fort Bend county Pretrial Services.

and refusing to leave her alone at the office. Because Patra's behavior made her uncomfortable, Schoene complained to the Schlumberger Human Resources office. Patra was subsequently fired in part because he told the HR officer that he believed Schoene was going to leave her family and run away with him.

Patra's conduct continued even after his termination from Schlumberger. Patra began sending emails to Schoene's work email address and later to her personal email address. Schoene complained that Patra had followed her from work to a restaurant and to a gas station. On one occasion, he drove by and attempted to talk to Schoene while she was walking near her home with her small children. Hampton also discovered that Patra had put a tracking software on his emails allowing him to know when someone opened and read his emails.

Schoene and Hampton filed suit seeking an injunction to stop Patra's harassment of Schoene. The trial court initially entered a temporary restraining order against Patra, but on March 6, 2020, the trial court entered an agreed final judgment and injunction, prohibiting Patra from contacting or communicating with Schoene and Hampton, from contacting or communicating with certain co-workers of Schoene's, from coming within 500 feet of Schoene's workplace, and from coming within 500 feet of Schoene and Hampton and their home.

On June 17, 2020, Schoene and Hampton filed a motion to show cause, claiming that Patra had violated the order by coming within 500 feet of their home.

3

The trial court held a hearing at which Schoene and Hampton testified. Patra was sworn in at the beginning of the hearing along with all other witnesses, but when he was called to the stand, he asserted his Fifth Amendment right not to testify. On July 20, 2020, the trial court signed an order holding Patra in contempt for violating the March order and for commitment to county jail. The trial court suspended the commitment and ordered bond, which Patra posted.

## Analysis

Patra claims the contempt order is void because (1) the trial court violated Patra's Fifth Amendment right against self-incrimination by forcing Patra to be called as a witness, and (2) by holding him in contempt without proof of a willful violation of the March order. Patra also contends that the commitment order is insufficient and violates Patra's due process rights.

An original habeas proceeding is the vehicle for collaterally attacking a commitment order. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *In re Denson*, No. 01-19-00653-CV, 2020 WL 425291, at *1 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, orig. proceeding) (mem. op., not designated for publication). "A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the court's power or because the relator has not been afforded due process." *Henry*, 154 S.W.3d at 596. The contempt order is presumed valid

4

unless the relator discharges his burden of showing entitlement to relief. *See In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

## No Fifth Amendment Violation

Patra first complains that the contempt order is void because the trial court forced Patra to be sworn and called as a witness in violation of his Fifth Amendment right against self-incrimination. Patra did not testify, but he asserts that the trial court violated his Fifth Amendment right merely by requiring him to be sworn as a witness after he had asserted his Fifth Amendment right against self-incrimination.

Criminal contemnors have a privilege against self-incrimination. *See Ex parte Werblud*, 536 S.W.2d 542, 547 (Tex. 1976); *Ex parte Bowers*, 886 S.W.2d 346, 351 (Tex. App.—Houston [1st Dist.] 1994, writ dism'd w.o.j.). If an alleged criminal contemnor asserts his privilege against self-incrimination, or his counsel asserts the privilege for him, the contemnor should not be sworn in and compelled to testify. *See Werblud*, 536 S.W.2d at 548; *Bowers*, 886 S.W.2d at 351.

The record shows that Patra did not assert his Fifth Amendment right before he was sworn. The record of the hearing reveals that all witnesses were sworn as a group before the recording of the hearing began. Neither Patra's attorney nor Patra raised the privilege against self-incrimination at that time and did not object to the trial court swearing Patra in as a witness. When counsel for real parties in interest stated that he intended to call Patra as a witness, the trial court observed that Patra

5

had previously been sworn and admonished him in detail about his rights and the possible consequences of testifying given that the hearing concerned criminal contempt. After the trial court's admonishments, counsel for real parties in interest asked Patra if he intended to answer questions and Patra asserted his Fifth Amendment right for the first time. No further questions were asked.

Because the record shows that Patra did not assert his Fifth Amendment right until he was called to the stand, and that no questions were asked after he asserted his privilege, Patra has not established that the contempt order is void based on a violation of his Fifth Amendment right.

### No Improper Shifting of the Burden of Proof

Patra next claims that the trial court improperly required him to show good cause for his alleged violations of the March judgment when the law clearly places the burden of proof on the movant for contempt.

Contempt orders that involve commitment are considered "criminal" contempt orders and must be supported by proof "beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); *see In re Braden*, 483 S.W.3d 659, 664 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). In an original proceeding, "the appellate court cannot weigh the evidence supporting the trial court's contempt finding, but the court can

6

determine whether the contempt judgment is void because there is no evidence of contempt." *Braden*, 483 S.W.3d at 664.

An order is "reasonably specific" if the terms are clear, specific, and unambiguous such that a person who is charged with obeying the order will readily know the obligations imposed upon him. *See Chambers*, 898 S.W.2d at 260. "A court order is insufficient to support a judgment of contempt only if its interpretation requires inferences or conclusions about which *reasonable* persons might differ." *Id.* (emphasis in original).

The March judgment, which was admitted into evidence, contained reasonably specific provisions stating the behaviors or actions that were prohibited. For example, the March judgment requires Patra to "refrain from coming within five hundred (500) feet of CLARE SCHOENE and/or ADAM[] HAMPTON's person," to "refrain from coming within five hundred (500) feet of CLARE SCHOENE and/or ADAM[] HAMPTON's residence located at [address specified]," and to "refrain from coming within five hundred (500) feet of CLARE SCHOENE's place of business located at [address specified]." The March judgment also required Patra to refrain from texting or emailing Schoene and other specified persons.

Real parties next had to establish a violation of the order and the willful intent to violate the order. Schoene and Hampton testified that Patra had come within 500 feet of their residence and their persons, and that Patra had texted and emailed

7

Schoene. Patra does not challenge the finding of a violation of the injunction. Instead, he claims that there was no proof of willfulness or intent to violate the March order. But "[n]oncompliance with an unambiguous order of which one has notice will ordinarily raise an inference that the noncompliance was willful." *Chambers*, 898 S.W.2d at 261.

Patra interprets the trial court's order to have improperly shifted the burden of proof of this element to him. But Patra had notice of an unambiguous court order, shown by his signature on the order, which the trial court found he violated. *See id.* Because noncompliance raises an inference of willfulness, and Patra did not rebut the inference, proof of noncompliance with the trial court's March 6, 2020 order was sufficient and Patra has not established that the trial court improperly shifted the burden of proving intent or willfulness to Patra.

**The Commitment Order Contains No Express Directive to Sheriff**

Patra next complains that his right to due process was violated by the trial court's insufficient order of commitment. Specifically, Patra claims that the order does not satisfy the requirements for a proper commitment order.

A valid commitment order is essential to satisfy due process. *See Ex parte Wilson*, 797 S.W.2d 6, 7 (Tex. 1990) (orig. proceeding). "A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person." *See In re Dotson*, 981 S.W.2d 237, 238 (Tex. App.—Houston

8

[1st Dist.] 1998, orig. proceeding).  A commitment order may be included in the contempt order, but for the commitment order to satisfy due process, it must direct the sheriff to detain the contemnor.  *See Ex parte Hernandez*, 827 S.W.2d 858, 858–59 (Tex. 1992).

In *Hernandez*, the trial court's order held Hernandez in contempt and ordered him confined in the county jail for 180 days, but it did not direct the sheriff to take him into custody or direct the clerk to issue a writ of attachment or commitment to the proper officer.  *See id.* at 858.  The Texas Supreme Court granted the writ and ordered Hernandez discharged because there was no directive to the sheriff or separate order for attachment or commitment.  *See id.* at 859.

The trial court's July 20, 2020 order in this case provides:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant Patra be placed into confinement for the term of forty-five (45) days in the Fort Bend County Jail.  Said term is to be accrued on a day for day basis.  Defendant PATRA shall turn himself into the Fort Bend County Jail on or before Monday July 20, 2020 at 5:00 p.m.

The first sentence of this order is very similar to the language in the *Hernandez* order.  The first sentence orders Patra to be "placed into confinement for the term of forty-five (45) days in the Fort Bend County Jail," but the order does not include a directive to a sheriff and does not order the clerk to issue a writ of attachment or commitment separately from the contempt order.

9

Although the first sentence of the order is practically identical to the language in *Hernandez*, real parties claim that this Court has previously distinguished *Hernandez* and upheld a similar order in *Dotson*. *See* 981 S.W.2d at 238. Although real parties are correct in asserting that this Court upheld an order that committed the contemnor to the Galveston County Jail without an express directive to the sheriff or other ministerial officer to take Dotson into custody, the order in *Dotson* contained slightly different language than the order in *Hernandez*. *See Dotson*, 981 S.W.2d at 238. The contempt order in *Dotson* ordered the relator "*committed* to the county jail of Galveston County . . . ." *Id.* (emphasis added) (distinguishing language from that in *Hernandez*, and stating "[w]hle this language is not explicitly directed to a sheriff or other ministerial officer, it has been held sufficient as commitment").

Moreover, the last sentence in the commitment portion of the order distinguishes it from orders in other cases because it not only does not contain a directive to the sheriff to take Patra into custody, it directs Patra to turn himself into the county jail. Based on the requirement in *Hernandez* that a commitment order contain a directive to the sheriff, or at least include an attachment that directs another officer to issue a writ of commitment or to take the contemnor into custody, this order cannot serve as a commitment order and without an order of commitment, Patra is not validly confined. *See Hernandez*, 827 S.W.2d at 858–59.

## Attorney's Fees

Finally, Patra contends the trial court abused its discretion in awarding attorney's fees in the July order. Arguing that real parties did not plead statutory or contractual authority for an award of attorney's fees, Patra asserts that the trial court lacked authority to impose them.

In response, real parties state that they waive their claim for attorney's fees. Thus, we need not address the validity of Patra's contention.

## Conclusion

Accordingly, we grant the writ, order Patra discharged, and order the award of attorney's fees deleted from the order.


Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.